# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> JAVIER GONZALEZ, et al., <br><br> Defendants. | Case No. 1:19-cv-01717-BAM (PC) <br><br> ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

Plaintiff Billy Driver, Jr. is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 12, 2019, Plaintiff initiated this action by filing a complaint, (ECF No. 1), and a motion to proceed *in forma pauperis*, (ECF No. 2).

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

///

In this case, Plaintiff appears to be alleging that his constitutional right to access the Courts was violated when one or more clerks with the U.S. District Court for the Central District of California refused to allow Plaintiff to file a complaint to enforce a 27.9 billion dollar judgment that Plaintiff obtained while he was housed at California State Prison, Los Angeles County in Lancaster, California. (ECF No. 1, at 3.) While Plaintiff alleges that two of the named defendants work Kern Valley State Prison in Delano, California, the "substantial part" of the events giving rise to this action took place within the boundaries of the Central Eastern District of California. In addition, Plaintiff's complaint lacks any allegations linking the two defendants alleged to work at Kern Valley State Prison to any violation of Plaintiff's constitutional rights. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Ravelo Monegro v. Rosa, 211 F.3d 509, 512 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California. Further, the Court has not ruled on Plaintiff's pending motion to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated: **December 12, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE